UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM BERRY, Plaintiff, v. KRISTY FONOIMOANA, ET AL., Defendants. | Case No. 3:25-cv-00572-ART-CSD<br>ORDER |

## I. DISCUSSION

On October 14, 2025, Plaintiff William Berry, then an inmate in the custody of the Nevada Department of Corrections ("NDOC"), initiated this prisoner civil rights action pursuant to 42 U.S.C. § 1983 and filed a motion for appointment of counsel. (ECF Nos. 1, 1-1, 5). Before the Court issued its screening order, Plaintiff died in custody.[1]

Pursuant to Federal Rule of Civil Procedure 25(a)(1), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). As such, if there is no motion for substitution within 90 days of the date of this order, the Court will dismiss the case.

## II. CONCLUSION

For the foregoing reasons, it is ordered that the Court will dismiss this case in 90 days if there is no motion to substitute filed pursuant to Federal Rule

[1] Press Release, Nevada Department of Corrections, https://www.doc.nv.gov/siteassets/content/about/press-release/death-william-berry-23739.pdf (August 6, 2026).

of Civil Procedure 25(a)(1).

It is further ordered that the application to proceed *in forma pauperis* (ECF No. 1) and the motion for appointment of counsel (ECF No. 5) are denied as moot.

DATED: August 7, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE